UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON LAMAR CHAMBLIS,

        Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.
_____

Case No. 20-12984
District Judge Thomas L. Ludington
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Damon Lamar Chamblis seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Chamblis's applications for disability insurance benefits and Supplemental Security Income under the Social Security Act. Chamblis filed a motion for summary judgment and amended motion for summary judgment (ECF Nos. 20, 21), the Commissioner filed a response and cross-motion for summary judgment (ECF No. 23), and Chamblis filed two replies (ECF Nos. 26, 27).

For the foregoing reasons, the Court **RECOMMENDS** that Chamblis' motion for summary judgment be **DENIED**, that the Commissioner's motion for

summary judgment be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

I.   Background

    A. Procedural History

Chamblis applied for benefits on December 30, 2016 and June 27, 2017, alleging disability beginning January 1, 2015. (Tr. 45.) [1] He received a denial of his applications. *Id.* Chamblis requested a hearing before an administrative law judge ("ALJ"). *Id.* On July 23, 2018, ALJ Roy E. LaRoche, Jr. held a hearing. *Id.* Chamblis appeared with an attorney and testified. *Id.* In his November 19, 2018 decision, the ALJ found that Chamblis was not disabled. (Tr. 42, 45.) The Social Security Administration notified Chamblis of the ALJ's decision and of his right to file an appeal of the decision with the Appeals Council by January 2, 2019. (Tr. 42.) The agency also notified Chamblis that he could submit new evidence and a written statement with his appeal. *Id.*

On July 25, 2019, Chamblis's new attorney sent a letter to the Appeals Counsel, which notified it of counsel's representation and included a request to review the record, provide additional medical records, and submit a brief. (Tr. 21, 23.) On September 4, 2019, the Appeals Council construed this letter as a request

---

[1] The administrative record appears on the docket at ECF Nos. 10, 11, and 12. All references to it are identified as "Tr."

for appeal, denied it as untimely, and noted that Chamblis had not included a reason for not filing a request for review within 60 days. (Tr. 16.) The notice gave Chamblis 60 days to show cause for his untimely appeal. (Tr. 16–17.)

On September 6, 2019, Chamblis' counsel submitted a letter explaining that he had filed a timely request for review, and on October 4, 2019, Chamblis' counsel requested[2] a review of the hearing decision (Tr. 9–11.)

On May 22, 2020, the Appeals Council denied review. (Tr. 9.) On June 22, 2020, Chamblis requested that the Appeals Counsel reopen his request for review and issue written findings on whether he timely appealed. (Tr. 4–5.) On October 7, 2020, the Appeals Council denied the request to reopen the case, having found that Chamblis' request and new submission of thousands of pages of medical records did not meet its criteria for reconsideration of its decision. (Tr. 1.) The denial stated Chamblis could not seek judicial relief for the Appeals Council's denial of his request for reopening. (Tr. 1–2.)

### B. ALJ's Decision

Under the Social Security Act, disability insurance benefits and supplemental security income are available only for those who have a "disability." *Colvin v.*

---

[2] This request noted that on January 10, 2019, Chamblis and his mother went to a local Social Security Administration office to request an appeal, on September 9, 2019, the local office indicated that an office clerical error prevented the request for review from being timely submitted into the system. (Tr. 7, 15.)

3

*Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (definition used in the disability insurance benefits context); see also 20 C.F.R. § 416.905(a) (definition used in the social security income context).

The Commissioner determines whether a claimant is disabled through a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. First, if the claimant is engaged in significant gainful activity, no disability will be found. Second, if the claimant does not have a severe impairment or combination of severe impairments for a continuous period of at least 12 months, no disability will be found. Third, if the claimant's severe impairment meets or equals one of the impairments listed in the regulations, the claimant will be found disabled. Fourth, if the claimant can perform their past relevant work or has residual functional capacity ("RFC"), no disability will be found. Fifth, even if the claimant is unable to perform their past relevant work, benefits are denied if the claimant can adjust to other work in view of their age, education, and work experience. If the Commissioner "makes a dispositive finding at any point in the five-step process," the evaluation will not proceed to the next step. *Colvin*, 475 F.3d at 730.

The claimant bears the burden of proof through step four, in which they must show "the existence and severity of limitations caused by [their] impairments and the fact that [they] are precluded from performing [their] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003.) At step five, the burden shifts to the Commissioner in which the Commissioner must show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given [their] RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Chamblis, born on September 1, 1975, was 39 years old on the alleged disability onset date. *Id.* Chamblis suffered an injury from a car accident on January 1, 2015. (Tr. 3223–3224.) Previously, he worked as a packer/stockkeeper for an automobile company for fifteen years before accepting a buyout in 2013. (Tr. 3651.) He had been unemployed for non-medical reasons between 2013 and 2015. (Tr. 3223–3224.)

The ALJ applied the five-step disability analysis. At step one, the ALJ found that Chamblis had not engaged in substantial gainful activity since the alleged onset date of June 30, 2015. (Tr. 48, 3222–3224.)

At step two, the ALJ found that Chamblis had severe impairments of neurocognitive disorder secondary to a traumatic brain injury, cervical degenerative disc disease with right upper extremity radiculopathy, chronic

5

obstructive pulmonary disorder, and an adjustment disorder with depressed mood (Tr. 48.) At step three, the ALJ found no evidence that Chamblis's impairments met or medically equaled one of the listings in the regulations. *Id.*

At step four, the ALJ found that Chamblis has the RFC to lift or carry up to 20 pounds occasionally and up to 10 pounds frequently; stand or walk 6 hours out of an 8-hour day; sit 6 hours out of an 8 hour day with normal breaks; occasionally climb, stoop, or crouch; frequently balance, kneel or crawl; frequently reach, handle, or finger with the bilateral extremities; no more than occasional exposure to atmospheric conditions (dust, fumes, gases, odors, and pulmonary irritants), wetness, humidity, and temperature extremes; limited to unskilled work; retains the ability to on a sustained basis to understand, remember, and carry out simple instructions; can respond appropriately to supervision, coworkers, and usual work situations; and can deal with changes in a routine work setting. (Tr. 50–51.)

At step five, the ALJ denied benefits to Chamblis, having found that jobs exist in the national economy that Chamblis can perform. (Tr. 63–64.)

**III. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final administrative decision. The Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported

by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations and internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. In determining whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *see also Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

If the Commissioner's decision is supported by substantial evidence, it "must be affirmed even if the reviewing court would decide the matter differently . . . and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). The substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Moreover, the ALJ is not required to discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

The Court's review is limited to an examination of the record. *Bass*, 499 F.3d at 512–13. The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citation omitted).

## IV. Analysis

Chamblis advances four arguments: (1) the Appeals Council erred in its decision, violated certain Social Security regulations, and failed to provide due process; (2) the ALJ erred at step three in not finding that Chamblis' traumatic brain injury met or equaled Listing 11.18; (3) there is additional medical evidence that was not presented to the ALJ; and (4) the ALJ failed to order and conduct a respiratory test.

The Commissioner counters that the Appeals Council's procedural actions are unreviewable by this Court, but even if not, Chamblis received due process. The Commissioner argues that substantial evidence supported the ALJ's findings and RFC assessment.

### A. Appeals Council's Procedural Actions

Chamblis' arguments regarding the Appeals Council's procedural actions are not reviewable, and the Appeals Council's decisions did not violate Chamblis' due process rights.

Chamblis first argues that the Appeals Council failed to issue a written decision on the timeliness of his request for review and issued an erroneous denial in violation of the Hearings, Appeals, and Litigation Law Manual ("HALLEX") §§ I-3-2-1 and I-3-1-14, 20 C.F.R §§ 404.972 and 416.1475, and Fifth Amendment.

Chamblis' argument improperly focuses on the Appeals Council's review process, rather than the Court's. Importantly, the Sixth Circuit has held that federal courts review the ALJ's decision, not the Appeal Council's denial of review. *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Courts in the Sixth Circuit have also held that HALLEX procedures are not binding and that failure to follow its procedures does not justify remand. *See, e.g.*, *Dukes v. Comm'r of Soc. Sec.*, 2011 WL 4374557, at * 9 (W.D. Mich. Sept. 19, 2011) ("While the HALLEX procedures are binding on the Social Security Administration, they are not binding on courts reviewing the [A]dministration's proceedings."); *see also Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008) (stating that HALLEX is not binding on courts).

The Court finds that it lacks jurisdiction over challenges to the Appeals Council's denial of appeal. *Brennan v. Comm'r of Soc. Sec.*, No. 18-10766, 2019 WL 1647798, at *22–24 (E.D. Mich. Mar. 25, 2019), report and recommendation adopted, No. 18-10766, 2019 WL 1619880 (E.D. Mich. Apr. 16, 2019) (concluding that Sixth Circuit precedent suggests that there is no jurisdiction over

the Appeals Council's procedural errors). Per 42 U.S.C. § 405(g), the Court only has jurisdiction over final decisions. If the Appeals Council denies review, the final decision remains that of the ALJ. 20 C.F.R. § 404.981.

Here, the Appeals Council denied review on May 22, 2020, which rendered the ALJ's decision final. (Tr. 9.) Accordingly, the Court cannot review the procedural actions of the Appeal's Council, including its denial of review.

### B. ALJ's Decision

#### 1. Listing 11.18

At step three, Chamblis bears the burden to demonstrate that the severity of his impairments meets or medically equals the severity of a listing. *Jones*, 336 F.3d at 474. Each listing specifies the "objective medical and other findings needed to satisfy the criteria of that listing." *Rabbers v. Comm'r*, 582 F.3d 647, 653 (6th Cir. 2009) (citation omitted). To show medical equivalency to a listing, a claimant must satisfy all the criteria of that listing. *Id.*

Here, the ALJ did not discuss Listing 11.18. However, ALJs are not required to discuss every listing in their decisions. *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013). An ALJ need not "discuss listings that the applicant clearly does not meet." *Id.*; see also *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014).

If a claimant argues that they met a listing that was not discussed by the ALJ, the district court will remand only if the claimant shows that the record "raise[s] a substantial question as to whether [the claimant] could qualify as disabled." *Sheeks*, 544 F. App'x at 641 (citation omitted). To do so, "the claimant must point to specific evidence that demonstrates [they] reasonably could meet or equal every requirement of the listing." *Smith-Johnson*, 579 F. App'x at 432.

To meet listing 11.18, a claimant must show either Part A or Part B of the listing:

> A. Disorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities, persisting for at least [three] consecutive months after the injury; or
>
> B. Marked limitation in physical functioning, and in one of the following areas of mental functioning, persisting for at least [three] consecutive months after the injury:
>     1. Understanding, remembering, or applying information; or
>     2. Interacting with others; or
>     3. Concentrating, persisting, or maintaining pace; or
>     4. Adapting or managing oneself.

20 C.F.R. Part 404, Subpt. P, App'x 1, § 11.18 (2019)

Chamblis' argument fails. First, Chamblis does not specify how he meets Listing 11.18. He makes no reference to the Listing's requirements, and he does not "point to specific evidence in the record demonstrating that [he] reasonably could meet or equal every requirement" of Listing 11.18. *Dew v. Comm'r of Soc.*

11

*Sec.*, No. 15-CV-12660, 2017 WL 744238, at *2–4 (E.D. Mich. Feb. 27, 2017) (concluding that the ALJ did not reversibly err when the plaintiff failed to specify evidence that showed they could meet every listing requirement).

Regarding Paragraph A, the ALJ found that Chamblis did not show the requisite limitation in motor function of two extremities. (Tr. 50.) Chamblis did not identify which extremities, if any, Chamblis has limitations with. Upon the Court's review of the record, it appears that Chamblis may have had numbness and tingling in only his right arm. (Tr. 3618.) Additionally, the record also does not raise a substantial question as to whether Chamblis experienced limitations in his ability to stand up, maintain balance while walking, or use his upper extremities. 20 C.F.R. Part 404, Subpt. P, App'x 1, § 11.18(A). Extreme limitation "means the inability to stand up . . . [and] maintain balance" while standing, walking, or use one's upper extremities. *Id.* § 12.00(D)(2). Here, while one examiner noted that Chamblis walked with an impaired gait, the majority of examiners observed that Chamblis regularly walked with a normal gait. (Tr. 3236, 3577, 3658, 3976, 3594, 3664.) Chamblis did not establish that he met Paragraph A's requirements.

Regarding Paragraph B, the ALJ appropriately found that Chamblis did not show the requisite limitation in physical functioning or any of the Paragraph B subcategories. (Tr. 50.) First, the ALJ discussed those requirements with respect to Listing 11.14 (Peripheral Neuropathy), which are identical to the Listing 11.18

12

criteria, and Chamblis did not challenge the ALJ's Listing 11.14 finding. *Id.* This constitutes a waiver of that argument and undermines Chamblis' Listing 11.18 argument. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (stating that arguments not raised to a magistrate judge are waived).

Second, Paragraph B requires Chamblis to show a marked limitation in physical functioning, meaning that he is "seriously limited in the ability to independently initiate, sustain, and complete work-related physical activities . . . such as standing, balancing, walking, using both upper extremities for fine and gross movements." 20 C.F.R. Part 404, Subpt. P, App'x 1, §§ 11.00(G)(2)(a), 11.18(B). Chamblis again did not identify evidence that could meet these requirements and only pointed to his 2015 vehicle accident. (ECF No. 20, PAGEID.4098.) Although Chamblis self-reported limitations with walking (Tr. 3236), Chamblis walked with an "intact" gait and tandem gait without difficulty (Tr. 3577, 3658, 3976), had improved balance with no need for a cane (Tr. 3594), and did not need a walking aid (Tr. 3664).

Third, Paragraph B also requires Chamblis to show marked limitation in one of the four areas of mental functioning. 20 C.F.R. Part 404, Subpt. P, App'x 1, § 11.18(B) (2019). Substantial evidence supports the ALJ's finding that there is no evidence establishing such limitation. The ALJ found that Chamblis had (1) moderate limitation with respect to understanding, remembering or applying

13

information; (2) mild limitation with respect to interacting with others; (3) moderate limitation with respect to concentrating, persisting, or maintaining pace; and (4) moderate limitation with respect to adapting or managing oneself. (Tr. 94 – 95.) In reaching his conclusion, the ALJ discussed Chamblis' ability to perform serial seven calculations without difficulty, recall three out of three objects after a delay, have relationships with a girlfriend and his children, maintain intact judgment, and do household chores. *Id.* Chamblis did not establish that he met Paragraph B's requirements.

Chamblis therefore did not meet his burden to establish that he meets Listing 11.18.

### 2. New and Material Evidence

Chamblis submitted new evidence to the Appeals Council after it issued its decision. (ECF No. 20, PAGEID.4100.) His first attorney did not submit those records prior to the ALJ hearing for unknown reasons, and his current attorney argues that these new records should be part of his request for review to the Appeals Council per 20 C.F.R §§ 404.972 and 416.1475. *Id.*

Chamblis bears the burden of showing that remand is proper under 42 U.S.C. § 405. *Willis v. Sec'y of Health and Human Servs.*, 727 F.2d 551 (6th Cir.1984). Courts generally review Social Security cases pursuant to sentence four of § 405(g) and enter "a judgment affirming, modifying, or reversing the decision

of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six of § 405(g) states that courts "may at any time order additional evidence to be taken before [the Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

Evidence is new if it was not in existence or available to the claimant at the time of the hearing. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Evidence is not material if it is largely cumulative of evidence before the ALJ. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). A claimant may establish good cause by establishing that (1) the evidence did not exist at the time of the final decision and (2) there is a valid reason for their failure to obtain the evidence prior to the hearing. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) (stating that the Sixth Circuit has undertaken a "harder line" on the good cause test in Social Security cases).

Chamblis did not establish that his additional evidence is new, material, or that good cause exists for his failure to provide it earlier. First, Chamblis does not argue that the evidence did not exist or that the evidence was unavailable at the time of the proceeding. The additional evidence is dated from January 2015 to February 2017 (ECF No. 20, PAGEID.4100), and the ALJ hearing was held on

July 23, 2018 (Tr. 45). This signifies that Chamblis had more than a year to submit the evidence but did not do so.

Second, Chamblis contends, in a conclusory fashion, that the additional records are material. (ECF No. 20, PAGEID.4099–4100.) Materiality exists when there is a reasonable probability that the decision would have been different had the additional evidence been considered. *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Chamblis argues that the records before the ALJ were not organized chronologically and did not show the depth of Chamblis' impairments. (*Id.* at PAGEID.4099.) However, he did not specify how the additional records are material and merely lists them.

Third, even if the records were material, Chamblis also failed to show that there is good cause for his failure to submit the evidence earlier. The Sixth Circuit has stated that attorney error does not constitute good cause in this context. *Taylor v. Comm'r of Soc. Sec.*, 43 F. App'x 941, 943 (6th Cir. 2002); *Brennan v. Comm'r of Soc. Sec.*, No. 18-10766, 2019 WL 1647798, at *27 n.26 (E.D. Mich. Mar. 25, 2019), report and recommendation adopted, No. 18-10766, 2019 WL 1619880 (E.D. Mich. Apr. 16, 2019) (discussing federal courts' aversion to finding that attorney errors constitute good cause).

Accordingly, Chamblis is not entitled to remand on sentence six grounds.

### 3. Pulmonary Function Test

Chamblis next claims that the ALJ erred by failing to purchase a respiratory test. ALJs have the "discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." 20 C.F.R. §§ 404.1517, 416.917; *see also Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citation omitted); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (stating that an ALJ is authorized but not required to order additional testing "if the existing medical sources do not contain sufficient evidence to make a determination").

Given Chamblis' testimony and extensive medical records, the Court finds that the ALJ was not required to order an additional examination. In reaching his decision, the ALJ discussed Chamblis' cardiopulmonary exam, which yielded unremarkable findings. (Tr. 100, 3618.) The exam found that Chamblis' lungs were "clear" with no wheezes, rhonchi, or rales. (Tr. 3618.) The record also shows that Chamblis had "clear lungs with decreased breath sounds" (Tr. 3736), and that he was not on breathing medications as of June 2018 (Tr. 3264). Between July 2017 and June 2018, Chamblis denied shortness of breath to his physicians. (Tr. 3594, 3598, 3841, 3837, 3882, 3976, 3979.)

Accordingly, Chamblis' argument that the ALJ should have ordered a pulmonary exam does not provide a basis for remand.

## V. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Chamblis' motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

Dated: August 8, 2022    s/**Jonathan J.C. Grey**
　　　　　　　　　　　　　Jonathan J.C. Grey
　　　　　　　　　　　　　United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System on August 8, 2022.

s/ **S. Osorio**
Sandra Osorio
Case Manager
